IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CAMERON COUNTY HOUSING AUTHORITY and COMMUNITY HOUSING & ECONOMIC CORPORATION<br>    Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. |
| v. | §<br>§ | B – 17 – 229 |
| CITY OF PORT ISABEL, CITY OF PORT ISABEL CITY COMMISSION, and PORT ISABEL PLANNING AND ZONING COMMISSION,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | JURY REQUESTED |

# DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT:

Defendant **CITY OF PORT ISABEL, TEXAS**, on behalf of itself, the City Of Port Isabel City Commission, and the Port Isabel Planning and Zoning Commission (P&Z Commission) submits this Original Answer to Plaintiffs' Original Complaint.

## I.

### RESPONSE TO PLAINTIFFS' ORIGINAL COMPLAINT

(1)    Defendant denies the allegations made in ¶¶ 1 and 2.

(2)    Defendant does not have sufficient information to admit or deny the allegations made in ¶¶ 3 and 4. Defendant would therefore deny those allegations.

(3)   Defendant denies the allegations made in ¶ 5.

(4)   Defendant does not have sufficient information to admit or deny the allegations regarding the constituency of the Housing Authority's residents and tenant waiting lists made in ¶6.  Defendant would therefore deny those allegations along with the remaining allegations made in ¶ 6.

(5)   Defendant denies the allegations made in ¶ 7.

(6)   Defendant does not have sufficient information to admit or deny the allegations made in ¶¶ 8 and 9.  Defendant would therefore deny those allegations.

(7)   Defendant admits the allegations made in ¶¶ 10 – 13.

(8)   Defendant admits that Hurricane Dolly struck the Rio Grande Valley in South Texas in July 2008, as alleged in the Caption for § IV (A) and ¶ 14.   Defendant does not have sufficient information to admit or deny the remaining allegations made in § IV (A) and ¶ 14.  Defendant would therefore deny those allegations.

(9)   Defendant admits that it has supported, and continues to support, the Housing Authority's planned redevelopment of the Neptune Apartments, that it seeks to provide and support affordable housing in Port Isabel for people who would choose to live and work in the City, and that it has seen the success of certain developments in other cities, as alleged in ¶ 15.  Defendant does not have sufficient information to admit or deny whether the Authority was awarded CDBG-DR funding to rebuild the Neptune Apartments in any form, as alleged in ¶ 15, so Defendant would therefore deny those allegations along with the remaining allegations made in ¶ 15.

(10)     Defendant does not have sufficient information to admit or deny the allegations made in the Caption for § IV (B).  Defendant would therefore deny those allegations.

(11)     Defendant admits the allegations made in ¶ 16.

(12)     Defendant admits that the population of the Lower Rio Grande River Valley and Cameron County are largely Latino, as alleged in ¶ 17.  Defendant does not have sufficient information to admit or deny the remaining allegations made in ¶ 17.  Defendant would therefore deny those allegations.

(13)     Defendant does not have sufficient information to admit or deny the allegations made in ¶ 18.  Defendant would therefore deny those allegations.

(14)     Defendant admits the Neptune Apartment site is located on a desirable location that partially overlooks the Laguna Madre – a beautiful bay, as alleged in ¶ 19.  Defendant has no knowledge of which area it is to which Plaintiffs refer as "Little Mexico" in ¶ 19 and denies that any area in Port Isabel is so nominated by anyone other than Plaintiffs, along with the remaining allegations made in ¶ 19.

(15)     Defendant denies the allegations made in ¶ 20 and the Caption for § IV (C).

(16)     Defendant admits the Neptune Apartments are located on three and four fifths lots on Summit Street, two of the lots are zoned A-1 Multifamily, two lots are zoned R-1 Single Family Residential, the Neptune site is bordered by a motel on one side and single-family homes on the other, the surrounding blocks are a mix of A-1, R-1, and R-2 zoning, that the consideration and determination of the P&Z Commission was necessary for the re-

platting of Lots 29 – 32 into a single plat and the re-zoning of Lots 30 and 32 from lot R-1 Single Family Residential to A-1 Multifamily, and that on March 11, 2015 during a P&Z Commission public hearing on Plaintiffs' request to replat and rezone Lots 29 – 32 and to construct a three story apartment complex with potentially 26 units it became apparent that there was public opposition to the project, as alleged in ¶ 21.  Defendant denies that Plaintiffs provided any architectural plans or designs for any project development to Defendant prior to the P&Z meeting on March 11, 2015, along with the remaining allegations made in ¶ 21.

(17)    Defendant admits approximately twenty members of the public appeared at the March 11, 2015 public hearing regarding the rezoning request, as alleged in ¶ 22.  Defendant denies the remaining allegations made in ¶ 22.

(18)    Defendant admits the allegations made in ¶ 23.

(19)    Defendant admits the P&Z Commission voted unanimously to deny replating and rezoning Lots 29 – 32, as alleged in ¶ 24.  Defendant denies the remaining allegations made in ¶ 24.

(20)    Defendant does not have sufficient information to admit or deny the allegations made in ¶¶ 25 – 29.  Defendant would therefore deny those allegations.

(21)    Defendant admits that a second Public Hearing and Regular Meeting of the P&Z Commission on the Housing Authority's request to replat and rezone Lots 29 – 32 was scheduled for June 10, 2015, and later cancelled, as alleged in the Caption for § IV (D) and ¶¶ 30 and 33.  Defendant denies that Plaintiffs provided any architectural plans or designs

for any project development to Defendant prior to the P&Z meeting scheduled for June 10, 2015, along with the remaining allegations made in the Caption for § IV (D) and ¶ 30.

(22) Defendant denies the allegations made in ¶¶ 31 – 32.

(23) Defendant admits the P&Z Commission officially cancelled the June 10 meeting at the request of Flores, as alleged in ¶ 33. Defendant objects to the remaining allegations made in ¶ 33 on the basis that they are multifarious as worded. Defendant would therefore deny the remaining allegations made in ¶ 33.

(24) Defendant denies the allegations made in the Caption for § IV (E).

(25) Defendant admits the Housing Authority presented a revised plan for the Neptune project in October 2015 by reducing the number of units and splitting the units between two sites across the street from each other, which did not comply with zoning requirements, as alleged in ¶ 34. Defendant admits that the plan submitted in October 2015 would not have required rezoning, only review and approval by the Building Official and permitting from the City, but denies that the proposed plan complied with applicable zoning requirements. Defendant does not have sufficient information to admit or deny whether the Housing Authority held community planning meetings. Defendant would therefore deny those allegations along with the remaining allegations made in ¶ 34.

(26) Defendant admits the Housing Authority submitted plat amendments for four single-family homes on or about November 13, 2015. Defendant denies the remaining allegations made in ¶ 35.

(27) Defendant does not have sufficient information to admit or deny the allegations made in ¶ 36. Defendant would therefore deny those allegations.

(28) Defendant objects to the allegation in ¶ 37 that all conditions precedent to Plaintiffs' recovery have occurred or have been waived or excused on the basis that Plaintiffs have failed to identify those specific conditions precedent. Defendant would therefore deny the allegations made in ¶ 37.

(29) Defendant reasserts its responses to the factual allegations contained in the foregoing paragraphs in response to the allegations made in ¶¶ 38, 40, 42, 44, 46, 48, 50, 52, and 54.

(30) Defendant acknowledges that Plaintiffs pursue causes of action through 42 U.S.C. § 3604(a), (b), (c) and (f), § 3617, § 2000d, § 1981, § 1982, and § 1983, as alleged in ¶¶ 39, 41, 43, 45, 47, 49, 51, 53, and 55, but denies any of Plaintiffs have any rights through those sections that have been violated or that they are entitled to recovery of any relief provided by those sections..

(31) Defendant acknowledges that Plaintiffs request a jury trial.

(32) Defendant denies that Plaintiffs are entitled to any relief requested in § VIII Prayer for Relief.

## II.
## ASSERTION OF SOVEREIGN IMMUNITY

(33) Plaintiffs cannot recover, directly or indirectly, from Defendant **CITY OF PORT ISABEL, TEXAS** because it is entitled to sovereign or official immunity for all allegations raised against it.

# III.
# JURY DEMAND

(34)   Defendant requests a trial by jury.

Defendant **CITY OF PORT ISABEL, TEXAS** prays that upon final trial and hearing hereof that it have judgment on its behalf, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and that Defendant be granted such other and further relief, both special and general, at law and in equity, to which it may show itself to be justly entitled.

Signed on this the 12th day of December, 2017.

        Respectfully submitted,

        /s/   J. Arnold Aguilar
        J. Arnold Aguilar
        Attorney-in-Charge
        State Bar No. 00936270
        Federal Adm. No. 6822
        email:  arnold@aguilarzabartellc.com

        /s/   Francisco J. Zabarte
        Francisco J. Zabarte
        Of Counsel
        State Bar No. 22235300
        Federal Adm. No. 10747
        email:  frank@aguilarzabartellc.com

        AGUILAR ★ ZABARTE, LLC
        Of Counsel
        990 Marine Drive
        Brownsville, Texas  78520
        Telephone     :  (956) 504-1100
        Facsimile       :  (956) 504-1408

        Attorneys for Defendant
        CITY OF PORT ISABEL, TEXAS

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT** will on this the 12th day of December, 2017, be automatically accomplished through the Notice of Electronic Filing upon the following:

Benjamin L. Reimer
BELL NUNNALLY & MARTIN, LLP
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, TX  75204

Melissa Madison Sloan
TEXAS APPLESEED
1609 Shoal Creek Boulevard, Suite 201
Austin, TX  78701

                                                    */s/ J. Arnold Aguilar*
                                                           J. Arnold Aguilar